

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

THELMA FERBISH
Vs.
CITIFINANCIAL MORTGAGE COMPANY INC

C.A. No.    2005 CA 009096 B

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MELVIN R. WRIGHT
Date: November 18, 2005
Initial Conference: 9:30 am, Friday, February 17, 2006
Location: Courtroom 200
   500 Indiana Avenue N.W.
   WASHINGTON, DC 20001



CA Form 1

# Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Thelma Forbish
1304 Floral St., NW
Washington, DC 20012 *Plaintiff*

vs.

05-0009025

Civil Action No. _____

CitiFinancial Mortgage Co., Inc. *Defendant*
Serve: Registered Agent
CT Corporation System
1015 -15th St., N.W. #1000
Washington, DC 20005

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

John Anderson
**Name of Plaintiff's Attorney**

6666 - 11th St, NW - Ste 840
**Address**
Washington, DC 20001

202 628-8586
**Telephone**

*Clerk of the Court*

By _____
    *Deputy Clerk*

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

**Thelma Ferbish**
1304 Floral Street, N.W.
Washington, D.C. 20012

05-0009055

**Plaintiffs,**

v.

**CitiFinancial Mortgage Company, Inc.**
Serve: Registered Agent
CT Corporation System
1015-15th Street, N.W., Suite 1000
Washington, D.C. 20005



**Defendant.**

### COMPLAINT FOR FRAUD, MISREPRESENTATION, BREACH OF CONTRACT & JURY DEMAND

Comes now Plaintiff, by, through Counsel, and in support of her complaint alleges as follows:

1. Jurisdiction is asserted under Title 11-923 the District of Columbia Code (1983 Ed. as amended) and Title 16, Section 3301 (1981), Title 42, Sections 814 and 815 (2001) and by virtue of the fact that the acts and occurrences giving rise to this complaint transpired in the District of Columbia.

2. Plaintiff, Thelma Ferbish is an adult resident of the District of Columbia, a citizen of the United States and the owner of a residential dwelling that is the

subject matter of this Complaint. The property address is 4202-14th Street, N.W., Washington, D.C. 20011, Lot No. 26 and Square No. 2696.

3. CitiFinancial Mortgage Company, Inc. (hereinafter referred to as "CitiFinancial"), a Defendant in this matter, upon information and belief is an out of state business entity conducting mortgage lending business in the District of Columbia, with its principal place of business at 250 East John Carpenter Freeway, Irving, TX 75062.

## FACTS

4. The Plaintiff purchased a certain piece of real estate located at 4202-14th St. Street, N.W., Washington, D.C., by way of a 15 (Fifteen) year note secured by a Deed of Trust, recorded in the Office of the Surveyor in the Recorder of Deeds Office as plat 82 on page 198 under which Defendant CitiFinancial is the current holder of the Note.

5. According to the terms and conditions of the note the Plaintiff's note matured on July 15, 2005 at which time the debt to the holder terminated provided that regular payments were made in the amount of $752.54 (Seven Hundred Dollars & Fifty Four Cents) monthly for 180 months.

6. The Plaintiff dutifully made all monthly payments as required but Defendant constantly maintained that several payments and late charges were due for several years refusing to release the deed of trust upon maturity of the note.

7. Plaintiff tendered cancelled checks to Defendant for each month claimed to be unpaid but to no avail. The Defendant has refused to provide an accurate accounting statement to the Plaintiff or reconcile her account in light of the

checks requested and provided. Further the Defendant has incorrectly billed the Plaintiff a monthly fee on her statements in the amount of $12.90 (Twelve Dollars and Ninety Cents) for a service not contracted for.

8. The Defendant has alleged and continues to allege that the Plaintiff account is in arrears and subject to default.

9. Plaintiff denies being in default, and alleges that the Defendant and their collection agents' have harassed her regarding overdue payments, as well as misinformed her by stating incorrect and disputed amounts as due and owing via written and oral correspondence.

10. Plaintiff has recently received a correspondence from the Defendant stating that the sum of $4,173.66 (Four Thousand One Hundred Seventy Three Dollars & Sixty Six Cents) is due and owed at this time.

11. Defendant, CitiFinancial has continued to harass the Plaintiff and seek monies despite correspondence from her counsel requesting a comprehensive accounting, advising that no payments are due, demanding a release of the trust for filing.

12. Defendant CitiFinancial has never undertaken a reconciliation of the account despite requests from Plaintiff and her Counsel to do so; instead harassing the Plaintiff up and to the filing of this Complaint.

13. Plaintiff has attempted to resolve the dispute of the alleged delinquency with the Defendant by speaking with them on the telephone and sending cancelled checks and records reflecting that she had not missed any payments over the course of the note. Nevertheless, Defendant has refused to give her proper

credit for all mortgage payments made nor provided an adequate explanation for the sum sought.

14. Plaintiff retained the services of Counsel to review the documentation and correspond with the Defendant in an effort to resolve the problem and to secure a release and satisfaction of the deed of trust for filing. Counsel is unable to obtain the cooperation of the Defendant in resolving this matter.

15. The Defendants are obligated by law to provide the Plaintiff with a complete history of all mortgage payments made over the course of the note, as well as copies of all checks and money orders that were received therefrom.

## FRAUD

16. Paragraphs 1 through 15 are incorporated by reference and the Plaintiff further states that the Defendant acted fraudulently by engaging in the following acts and omissions:

   1. Failure to properly credit the Plaintiff's mortgage payments to her account;

   2. Misrepresenting that the Plaintiff is defaulting on her mortgage payments to third parties when she had not;

   3. Failing to provide Plaintiff with timely notice of alleged delinquencies and defaults;

   4. Charging the Plaintiff account illegally with improper late fees and surcharges on her mortgage payment;

   5. Accessing the Plaintiff's personal checking account and obtaining monies without authorization for alleged payment towards the note;

6. Providing the Plaintiff with an incomplete and incorrect payment history, refusing to provide copies of checks received, refusing to state specifically what month a payment was not received and failing to explain the basis of cumulative late fees assessed.

## MISREPRESENTATION

17. The Plaintiff incorporates paragraphs one through sixteen by reference and further states that the Defendant's statements, orally and in writing to the Plaintiff that she was and is delinquent in the mortgage payment when in fact no delinquencies have been proven or provided to the Plaintiff or Counsel as requested constitutes a false statement and a misrepresentation.

18. Defendant's acts of charging the Plaintiff late fees for paying her mortgage on time, providing incorrect payment histories, assessing charges for a product not requested or approved also constitutes misrepresentation on the part of the corporate Defendant.

## BREACH OF CONTRACT

19. The Plaintiff incorporates by reference Paragraphs 1 through 18 by reference and further states that the Defendant breached the loan documents the Plaintiff executed with the original mortgage lender, including the covenants of the Deed of Trust, by:

1.) Failing to properly credit the Plaintiff mortgage payments to their accounts;

2.) Misrepresenting that the Plaintiff was in arrears on her mortgage payments and subject to default when in fact she was not;

3.) Failing to provide the Plaintiff with accurate statements of her account and explanation for late fees and/or other charges assessed and the basis thereof;

4.) Charging the Plaintiff's account with improper late fees and other charges on the her account without explanation;

5.) Providing the Plaintiff with an incomplete and incorrect payment history, refusing to provide proof of late fees owed, copies of checks paid, and dates of alleged missed or late payments and failure to provide a release of the deed of trust as required by the contract signed and subsequently assumed by Defendant.

**WHEREFORE**, the premises considered, the Plaintiff demands judgment against the Defendant in the sum of ($150,000.00) One Hundred & Fifty Thousand Dollars as to each count and:

1. Order an accounting to reflect the Plaintiff's complete and correct mortgage payment history;

2. Order the Defendant to issue a release and satisfaction of the Deed of Trust held by the Defendant on the note for the property which is the subject of this suit;

3. Award Plaintiff the costs incurred for the filing this action;

4. Award Plaintiff interest as allowed by law;

5. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
John Anderson #420236
666-11th Street NW – Ste 840
Washington, DC 20001
2|628-8585

## JURY DEMAND

Plaintiff demands a jury trial as to all issues herein.

*[signature]*
John Anderson