IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THELMA FERBISH | * |
| Plaintiff, | * |
| vs. | * Case No. 1:06cv00110 RMC |
| CITIFINANCIAL MORTGAGE COMPANY, INC. | * |
| Defendant. | * |

## MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR FRAUD AND MISREPRESENTATION

Defendant, CitiFinancial Mortgage Company, Inc., by its undersigned attorneys, and pursuant to Fed. R. Civ. P. Rules 9(b), 12(b)(6) and LCvR 7, hereby files this Motion to Dismiss Plaintiff's Claims for Fraud and Misrepresentation and for grounds in support thereof states as follows:

1.  On or about November 18, 2005, Plaintiff, Thelma Ferbish ("Ferbish" or "Plaintiff") filed a Complaint for Fraud, Misrepresentation, Breach of Contract & Jury Demand (the "Complaint") against Defendant, CitiFinancial Mortgage Company, Inc. ("CitiFinancial Mortgage" or "Defendant") in the Superior Court of the District of Columbia.

2.  CitiFinancial Mortgage was served with the Complaint, Summons and an Initial Order on January 3, 2006, and filed a timely Notice of Removal to this Court on January 20, 2006, based upon the existence of diversity of citizenship between the parties. See 28 U.S.C. §§ 1441 and 1446.[1]

---

[1] In this diversity action, this Court must apply the law of the District of Columbia. Anderson v. USAA Casualty Ins. Co., 221 F.R.D. 250, 253-54 (D.D.C. 2004)(citing Rogers v. Ingersoll-Rand Co., 144 F.3d 841 (D.C. Cir. 1998)).

ROCK01:7057535v3|14245-000020|11/5/2003

3. Contemporaneous with the filing of the present Motion to Dismiss, CitiFinancial Mortgage has filed an Answer with respect to Plaintiff's claim for breach of contract.

4. CitiFinancial Mortgage contends that Plaintiff has failed to state claims for fraud and misrepresentation[2] by failing to plead all of the requisite elements of these common law claims and by failing to plead the claim for fraud with particularity as required under the Federal Rules.

5. Furthermore, the facts supporting the Plaintiff's claims for fraud and misrepresentation are virtually identical to those facts alleged in support of her claim for breach of contract, and her alleged recourse, if any, should be sought under that claim.

6. For these reasons, this Court should dismiss Plaintiff's claims for fraud and misrepresentation pursuant to Fed. R. Civ. P. Rules 9 and/or 12(b)(6).

7. Defendant adopts and incorporates herein the attached Statement of Points and Authorities and Proposed Order in support of this Motion to Dismiss.

**WHEREFORE,** Defendant, CitiFinancial Mortgage Company, Inc., prays that this Honorable Court grant the present Motion and enter an Order dismissing Plaintiff's claims for Fraud and Misrepresentation and grant such further relief as this Court deems appropriate.

Respectfully submitted,

*/s/ James A. Sullivan, Jr.*
James A. Sullivan, Jr., D.C. Bar #475145
MILES & STOCKBRIDGE P.C.
11 North Washington Street, Suite 700
Rockville, Maryland 20850
Telephone: (301) 762-1600

Attorneys for Defendant,
CitiFinancial Mortgage Company, Inc.

---

[2] CitiFinancial Mortgage assumes, for purposes of the present Motion, that Plaintiff's claim for "Misrepresentation" is an attempt to state a claim for "Negligent Misrepresentation" as it is set forth separately from the Fraud claim.

## LCvR 5.4(b)(5) CERTIFICATE

I HEREBY CERTIFY that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

_____
James A. Sullivan, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THELMA FERBISH | * |
| Plaintiff, | * |
| vs. | * Case No. 1:06cv00110 RMC |
| CITIFINANCIAL MORTGAGE COMPANY, INC. | * |
| Defendant. | * |

## STATEMENT OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS
## PLAINTIFF'S CLAIMS FOR FRAUD AND MISREPRESENTATION

Defendant, CitiFinancial Mortgage Company, Inc., by its undersigned attorneys, and pursuant to Fed. R. Civ. P. Rules 9(b), 12(b)(6) and LCvR 7(a), hereby files this Statement of Points and Authorities in Support of its Motion to Dismiss Plaintiff's Claims for Fraud and Misrepresentation and for grounds in support thereof states as follows:

**I.    INTRODUCTION**

This case involves a dispute between a mortgage lender and a borrower over whether or not the borrower has paid all amounts due and owing to the lender pursuant to an account related to a Note secured by a Deed of Trust recorded against residential property in the District of Columbia. The borrower, Plaintiff, Thelma Ferbish ("Ferbish" or "Plaintiff") contends that she made all the required payments to Defendant, CitiFinancial Mortgage Company, Inc. ("CitiFinancial Mortgage" or "Defendant"), prior to the maturity of the Note and that CitiFinancial Mortgage has improperly failed to credit her account and release the Deed of Trust. CitiFinancial Mortgage disputes the allegation that Ferbish has paid all amounts due and owing

under the terms of the Note, and further disputes the allegation that she is entitled to have the Deed of Trust released.

On or about November 18, 2005, Ferbish filed a Complaint for Fraud, Misrepresentation, Breach of Contract & Jury Demand (the "Complaint") against CitiFinancial Mortgage in the Superior Court of the District of Columbia. CitiFinancial Mortgage was served with the Complaint, Summons and an Initial Order on January 3, 2006, and filed a timely Notice of Removal to this Court on January 20, 2006, based upon the existence of diversity of citizenship between the parties. See 28 U.S.C. §§ 1441 and 1446.[1] Contemporaneous with the filing of the present Motion to Dismiss, CitiFinancial Mortgage has filed an Answer with respect to Plaintiff's claim for Breach of Contract.

CitiFinancial Mortgage contends that Ferbish has failed to state claims for fraud and misrepresentation[2] by failing to plead all of the requisite elements of these common law claims and by failing to plead the claim for fraud with particularity as required under the Federal Rules. Furthermore, the facts supporting the Plaintiff's claims for fraud and misrepresentation are virtually identical to those facts alleged in support of her claim for breach of contract, and her alleged recourse, if any, should be sought under that claim. For these reasons, which are set forth in more detail below, this Court should dismiss Plaintiff's claims for fraud and misrepresentation pursuant to Fed. R. Civ. P. Rules 9 and/or 12(b)(6).

## II.  STANDARD

Fed. R. Civ. P. Rule 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint,

---

[1] In this diversity action, this Court must apply the law of the District of Columbia. Anderson v. USAA Casualty Ins. Co., 221 F.R.D. 250, 253-54 (D.D.C. 2004)(citing Rogers v. Ingersoll-Rand Co., 144 F.3d 841 (D.C. Cir. 1998)).

[2] CitiFinancial Mortgage assumes, for purposes of the present Motion, that Plaintiff's claim for "Misrepresentation" is an attempt to state a claim for "Negligent Misrepresentation" as it is set forth separately from the Fraud claim.

i.e. whether the claimant has properly stated a claim in the complaint. Browing v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002); Burlington Insurance Company v. Okie Dokie, Inc., 329 F. Supp. 2d 45, 47 (D.D.C. 2004); Williams v. The Purdue Pharma Co., 297 F. Supp. 2d 171, 173 (D.D.C. 2003). In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept the allegations in the non-movant's pleadings as true and must draw all reasonable inferences in the non-movant's favor. Williams, 297 F. Supp. 2d at 173. Nevertheless, the Court need not accept as true a plaintiff's legal conclusions. Id. Furthermore, the Court need not accept inferences drawn by the plaintiff if such inferences are not supported by the facts set out in the complaint. Jeffers v. Chao, Slip Copy at 2, 2006 WL 13241 (D.D.C. 2006) (quoting Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Thus, where it appears beyond doubt that a plaintiff can prove no set of facts in support of a claim that would entitle a plaintiff to relief, a dismissal pursuant to Rule 12(b)(6) is appropriate. Jeffers, Slip Copy at 2, 2006 WL 13241.

Pursuant to Fed. R. Civ. P. Rule 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Thus, a claimant must plead with particularity matters such as the time, place, and content of the false misrepresentations, the misrepresented fact, and what the opponent retained or the claimant lost as a consequence of the alleged fraud. Kowal v. MCI Communications Corporation, 16 F.3d 1271, 1278 (D.C. Cir. 1994); Anderson v. USAA Casualty Ins. Co., 221 F.R.D. 250, 253 (D.D.C. 2004); In re U.S. Office Products Co. Securities Litigation, 251 F. Supp 2d 77, 100 (D.D.C. 2003). The particularity requirement under this rule ensures that the defendant has notice of the claim, prevents attacks on the defendant's reputation where the claim for fraud is

unsubstantiated, and protects a defendant against a strike suit brought solely for settlement value. Anderson, 221 F.R.D. at 253. Although a court may base a dismissal of a claim for fraud under either Rule 9(b) or Rule 12(b)(6), a complaint that survives the threshold of Rule 12(b)(6), may still not comply with the strictures of Rule 9(b). Anderson, 221 F.R.D. at 252, n.3 (citing In re Rockefeller Ctr. Prop., Inc. Sec. Litig., 311 F.3d 198, 224 (3rd Cir. 2002) and Kowal, 16 F.3d at 1279)).

### III.    PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff alleges that she is the owner of the residential property located at 4202-14th St. Street, N.W., Washington, D.C., and that CitiFinancial Mortgage is the holder of a 15-year Note secured by a Deed of Trust recorded against the Property. (See Plaintiff's Complaint at ¶4). Plaintiff further alleges that "according to the terms and conditions of the note the Plaintiff's note matured on July 15, 2005 at which time the debt to the holder terminated provided that regular payments were made in the amount of $752.54 (Seven Hundred dollars & Fifty Four Cents) monthly for 180 months." (See Plaintiff's Complaint at ¶5).

Plaintiff contends that she made all monthly payments as required, but that CitiFinancial Mortgage "constantly maintained that several payments and late charges were due for several years refusing to release the deed of trust upon maturity of the note." (See Plaintiff's Complaint at ¶6). According to the Plaintiff, she "tendered cancelled checks to Defendant for each month claimed to be unpaid but to no avail" and that CitiFinancial Mortgage "refused to provide an accurate accounting statement to the Plaintiff or reconcile her account in light of the checks requested and provided. Further the Defendant has incorrectly billed the Plaintiff a monthly fee on her statement in the amount of $12.90 (Twelve Dollars and Ninety Cents) for a service not contracted for." (See Plaintiff's Complaint at ¶7).

CitiFinancial Mortgage contends that the Plaintiff's account is in arrears and subject to default. (See Plaintiff's Complaint at ¶8). Plaintiff denies being in default, and alleges that "the Defendant and their collection agents' have harassed her regarding overdue payments, as well as misinformed her by stating incorrect and disputed amounts as due and owing via written and oral correspondence." (See Plaintiff's Complaint at ¶9). Plaintiff further alleges that "she has recently received a correspondence from the Defendant stating that the sum of $4,173.66 (Four Thousand One Hundred Seventy Three Dollars & Sixty Six Cents) is due and owed at this time." (See Plaintiff's Complaint at ¶10).

According to Plaintiff, CitiFinancial Mortgage has continued to harass her and "seek monies despite correspondence from her counsel requesting a comprehensive accounting, advising that no payments are due, demanding a release of the trust [sic] for filing." (See Plaintiff's Complaint at ¶11). She further states that CitiFinancial Mortgage "has never undertaken a reconciliation of the account despite requests from Plaintiff and her Counsel to do so; instead harassing the Plaintiff up and to the filing of this Complaint." (See Plaintiff's Complaint at ¶12).

Plaintiff claims that she "has attempted to resolve the dispute of the alleged delinquency with the Defendant by speaking with them on the telephone and sending cancelled checks and records reflecting that she had not missed any payments over the course of the Note," and that CitiFinancial Mortgage "has refused to give her proper credit for all mortgage payments made nor provided an adequate explanation for the sum sought." (See Plaintiff's Complaint at ¶13).

Plaintiff further claims that she retained counsel "to review the documentation and correspond with the Defendant in an effort to resolve the problem and to secure a release and satisfaction of the deed of trust for filing" but that her counsel was "unable to obtain the

cooperation of the Defendant in resolving this matter." (See Plaintiff's Complaint at ¶14). Finally, Plaintiff alleges that CitiFinancial Mortgage is "obligated by law to provide the Plaintiff with a complete history of all mortgage payments made over the course of the Note, as well as copies of all checks and money order that were received therefrom." (See Plaintiff's Complaint at ¶15).

Pursuant to her purported claim for Fraud, Plaintiff alleges that CitiFinancial Mortgage "acted fraudulently by engaging in the following acts and omissions:

1. Failure to properly credit the Plaintiff's mortgage payments to her account;

2. Misrepresenting that the Plaintiff is defaulting on her mortgage payments to third parties when she had not;

3. Failing to provide Plaintiff with timely notice of alleged delinquencies and defaults;

4. Charging the Plaintiff account illegally with improper late fees and surcharges on her mortgage payment;

5. Accessing the Plaintiff's personal checking account and obtaining monies without authorization for alleged payment towards the note;

6. Providing the Plaintiff with an incomplete and incorrect payment history, refusing to provide copies of checks received, refusing to state specifically what month a payment was not received and failing to explain the basis of cumulative late fees assessed."

(See Plaintiff's Complaint at ¶16).

In support of her purported claim for "Misrepresentation," Plaintiff alleges that CitiFinancial Mortgage's "statements, orally and in writing to the Plaintiff that she was and is delinquent in the mortgage payment when in fact no delinquencies have been proven or provided to the Plaintiff or Counsel as requested constitutes a false statement and a misrepresentation." (See Plaintiff's Complaint at ¶17). Plaintiff further alleges that "Defendant's acts of charging the

Plaintiff late fees for paying her mortgage on time, providing incorrect payment histories, assessing charges for a product not requested or approved also constitutes misrepresentation on the part of the corporate Defendant." (See Plaintiff's Complaint at ¶18).

## IV.   ARGUMENT

A claim for common law fraud requires proof of (1) a false representation (2) made in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, and (5) action that is taken in reliance upon the representation. Chedick v. Nash, 151 F.3d 1077, 1081 (D.C. Cir. 1998); Powell v. D.C. Housing Authority, 818 A.2d 188, 196 (D.C. 2003); Railan v. Katyal, 766 A.2d 998, 1009 (D.C. 2001). The plaintiff must also have suffered some injury as a consequence of reliance on the misrepresentation. Chedick, 151 F.3d at 1081; Railan, 766 A.2d at 1009. Furthermore, in the context of commercial contracts negotiated at arms-length, the Plaintiff must have reasonably relied upon the alleged misrepresentation. In re U.S. Office Products Co. Securities Litigation, 251 F. Supp 2d 77, 100 (D.D.C. 2003); Hercules & Co. v. Shama Rest. Corp., 613 A.2d 916, 923 (D.C. 1992).

A claim for negligent misrepresentation requires a showing that (1) the defendant made a false statement or omission of fact, (2) the statement was in violation of a duty to exercise reasonable care, (3) the false statement or omission involved a material issue, (4) the plaintiff reasonably relied and to its detriment relied on the false information, and (5) the defendant's challenged conduct proximately caused the injury to the plaintiff. Burlington Insurance Company v. Okie Dokie, Inc., 329 F. Supp. 2d 45, 48 (D.D.C. 2004); In re U.S. Office Products, 251 F. Supp 2d at 99-100.

In claims for fraud and negligent misrepresentation, the plaintiff must adequately allege all of the required elements, including allegations that the plaintiff reasonably relied on the

alleged misrepresentation. In re U.S. Office Products, 251 F. Supp 2d at 101 (citing Alicke v. MCI Communications Corporation, 111 F.3d 909, 912 (D.C. Cir. 1997)).

The allegations relative to Plaintiff's claims for fraud and misrepresentation in the present case are insufficient for pleading purposes on several grounds. Several of the alleged acts or omissions attributed by Plaintiff to CitiFinancial Mortgage, are not even in the nature of "representations" or "misrepresentations" and, by definition, do not meet the first element of a claim for fraud or misrepresentation. Second, Plaintiff does not allege that any of CitiFinancial Mortgage's "misrepresentations" were made with knowledge of their falsity or with the intent to deceive, which are both required elements of a claim for fraud. Third, nowhere within the four corners of the Complaint is there an allegation that the Plaintiff detrimentally relied, much less reasonably relied, upon the "misrepresentations" of CitiFinancial Mortgage. In fact, Plaintiff alleges the very absence of any such reliance by virtue of her allegations that she has disputed CitiFinancial Mortgage's claims that the account was not paid in full and its imposition of late charges and other charges on the account.

In several respects, Plaintiff has also failed to plead her claim of fraud with particularity as required by Rule 9(b). For example, Plaintiff contends that CitiFinancial Mortgage committed fraud by "[m]isrepresenting that the Plaintiff is defaulting on her mortgage payments to third parties when she had not." This bald assertion is unsupported with any specific facts as to when such representations were made or the identity of any such "third parties." Furthermore, there is no specific allegation as to how she reasonably relied to her detriment upon such misrepresentations to third parties.

The same arguments can be made as to Plaintiff's claim that CitiFinancial Mortgage committed fraud by "accessing the Plaintiff's personal checking account and obtaining monies

without authorization for alleged payment towards the note." There are no specific allegations as to when CitiFinancial Mortgage committed such unauthorized access or how much money was obtained from her personal checking account.

In sum, Plaintiff's attempt to mold her allegations of fact into a case of fraud or misrepresentation is simply without merit. Generally, when two parties are in a dispute over performance under a contract, their recourse lies in a legal suit under the contract and not in an action in tort. Blake Const. Co. v. C.J. Coakley Co., Inc., 431 A.2d 569 (D.C. 1981). Thus, the mere failure to perform a contractual duty without more, is not an actionable tort. Calvetti v. Antcliff, 346 F. Supp. 2d 92, 101 (D.D.C. 2004).

In the present case, Plaintiff bases her claim for breach of contract upon virtually the same allegations as the fraud and misrepresentation claims as follows:

1) Failing to properly credit the Plaintiff's mortgage payments to their accounts;

2) Misrepresenting that Plaintiff was in arrears on her mortgage payments and subject to default when in fact she was not;

3) Failing to provide the Plaintiff with accurate statements of her account and explanation for late fees and/or other charges assessed and the basis thereof;

4) Charging the Plaintiff's account with improper late fees and other charges on her account without explanation;

5) Providing the Plaintiff with an incomplete and incorrect payment history, refusing to provide proof of late fees owed, copies of checks paid, and dates of alleged missed or late payments and failure to provide a release of the deed of trust as required by the contract signed and subsequently assumed by Defendant.

(See Plaintiff's Complaint at ¶19).

Although the facts alleged by Plaintiff suggest that there is a dispute between the parties as to whether or not payments had been made and received and whether or not certain late charges and other surcharges should have been imposed by CitiFinancial Mortgage on the

Plaintiff's account under the terms of their contract, the performance or non-performance of such contractual obligations do not give rise to a claim for fraud or misrepresentation. Under these circumstances, this Court should dismiss Plaintiff's claims for fraud and misrepresentation and allow the case to proceed on the pleadings solely with respect to Plaintiff's claim for breach of contract.

**WHEREFORE,** Defendant, CitiFinancial Mortgage Company, Inc., prays that this Honorable Court grant the present Motion and enter an Order dismissing Plaintiff's claims for Fraud and Misrepresentation.

Respectfully submitted,

_____
James A. Sullivan, Jr., D.C. Bar #475145
MILES & STOCKBRIDGE P.C.
11 North Washington Street, Suite 700
Rockville, Maryland 20850
Telephone: (301) 762-1600

Attorneys for Defendant,
CitiFinancial Mortgage Company, Inc.

### LCvR 5.4(b)(5) CERTIFICATE

I HEREBY CERTIFY that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

_____
James A. Sullivan, Jr.