IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THELMA FERBISH | * |
| Plaintiff, | * |
| vs. | * Case No. 1:06cv00110 RMC |
| CITIFINANCIAL MORTGAGE COMPANY, INC. | * |
| Defendant. | * |

### ANSWER TO PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT

Defendant, CitiFinancial Mortgage Company, Inc., by its undersigned attorneys, and pursuant to Fed. R. Civ. P. Rules 8 and 12, files this Answer to Plaintiff's Claim for Breach of Contract as set forth in her Complaint for Fraud, Misrepresentation, Breach of Contract & Jury Demand (the "Complaint")[1] and for grounds in support thereof states as follows:

### First Defense
(Answer to Specific Allegations of Plaintiff's Complaint)

1.  Paragraph 1 of Plaintiff's Complaint states a legal conclusion and, therefore, does not warrant a response.

2.  Defendant admits that Plaintiff is an adult resident of the District of Columbia and is an owner of the property located at 4202-14th Street, N.W., Washington, D.C. 20011. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the balance of the allegations of Paragraph 2 of the Complaint and, therefore, denies the same.

---

[1] CitiFinancial Mortgage has contemporaneously filed a Motion to Dismiss Plaintiff's Claims for Fraud and Misrepresentation.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant admits the allegations of Paragraph 4 of the Complaint.

5. Defendant admits that the maturity date for Plaintiff's note was July 15, 2005 and that Plaintiff was to make 180 monthly payments of $752.54, assuming she was not in default under the terms of the Note. Defendant denies the balance of the allegations of Paragraph 5 of the Complaint.

6. Defendant admits that it has maintained that Plaintiff has failed to make certain payments under the terms of the Note, that late charges were due and owing and that it has not released the Deed of Trust securing repayment of the amounts due under the terms of the Note. Defendant denies the balance of the allegations of Paragraph 6 of the Complaint.

7. Defendant denies the allegations of Paragraph 7 of the Complaint.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff denies being in default. Defendant denies the balance of the allegations of Paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint and, therefore, denies the same.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant admits that its representative(s) have spoken with Plaintiff on the telephone relative to the dispute. Defendant denies the balance of the allegations of Paragraph 13 of the Plaintiff's Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the first sentence of Paragraph 14 of the Complaint and, therefore, denies the same. Defendant denies the balance of the allegations of Paragraph 15 of the Plaintiff's Complaint.

15. Paragraph 15 of Plaintiff's Complaint states a legal conclusion and therefore does not warrant a response. To the extent a response is required, Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations of Paragraph 19 of the Complaint.

17. Defendant denies that Plaintiff is entitled to any of the relief demanded in the *ad damnum* clause of the Complaint.

## Second Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## Third Defense

Plaintiff is in breach of contract and has defaulted under the terms of the Note and Deed of Trust and is, therefore, not entitled to any relief requested in the Complaint.

## Fourth Defense

Plaintiff's Complaint is barred by the doctrine of estoppel.

## Fifth Defense

Plaintiff's Complaint is barred by the doctrine of laches.

## Sixth Defense

Plaintiff's Complaint is barred by the doctrine of waiver.

## Seventh Defense

Plaintiff's Complaint is barred by all applicable statutes of limitation.

### Eighth Defense

Plaintiff's Complaint is barred by the doctrine of unclean hands.

### Ninth Defense

Upon information and belief, Plaintiff's Complaint is barred by mandatory and/or elective arbitration.

### Tenth Defense

Plaintiff has failed to mitigate her alleged damages.

Defendant reserves the right to rely upon additional affirmative defenses based upon facts learned during the course of discovery and/or trial.

**WHEREFORE,** Defendant demands the following relief:

A.      That this Court dismiss the Complaint in its entirety;

B.      That this Court award Defendant its costs and attorney's fees incurred in defending this action; and

C.      That this Court award Defendant such other, further and different relief as it deems just and proper.

Respectfully submitted,

_____
James A. Sullivan, Jr., D.C. Bar #475145
MILES & STOCKBRIDGE P.C.
11 North Washington Street, Suite 700
Rockville, Maryland 20850
Telephone: (301) 762-1600

Attorneys for Defendant,
CitiFinancial Mortgage Company, Inc.

## LCvR 5.4(b)(5) CERTIFICATE

I HEREBY CERTIFY that the original signed document is in the possession of the undersigned and that it is available for review upon request by a party or by the Court.

_____
James A. Sullivan, Jr.